UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.        ) | Case No. 1:23-cv-71 CDP |
| ) | |
| NED BOYD, et al.,        ) | |
| ) | |
| Defendants.        ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Darnell Wesly Moon brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter.  *See* 28 U.S.C. § 1915(a)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Amended Complaint under 28 U.S.C. § 1915.  Based on such review, the Court will direct Plaintiff to file a second amended complaint on the Court-provided form in compliance with the instructions set out below.  The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's Background**

I.   **Criminal Incarceration History**

A basic understanding of the timeline of Plaintiff's past periods of incarceration provides a foundation for the allegations of Plaintiff's Amended Complaint. A review of this Court's records shows that on March 19, 2008, Plaintiff pled guilty to one count of armed robbery and one count of conspiracy to interfere with interstate commerce by robbery, and he was sentenced to seventy-eight months' imprisonment and three years of supervised release. *U.S. v. Moon*, 1:07-cr-133-RWS (E.D. Mo.). Around the end of 2013, the Federal Bureau of Prisons ("BOP")

designated Plaintiff to a halfway house in Missouri. He remained there until September 2014 when his first term of supervised release began. Plaintiff was released from BOP custody in January 2015, but in May 2015, this Court revoked Plaintiff's supervised release and sentenced him to four months' imprisonment. Plaintiff began his second term of supervised release in July 2015, but release was revoked again in February 2016. Plaintiff was sentenced to 12 months and 1 day imprisonment. In 2016, Plaintiff absconded from the halfway house where he had been assigned by the BOP. *Moons v. Pratte*, No. 1:15-cv-187-SNLJ, ECF No. 72 (E.D. Mo.).

In January 2017, a warrant issued from this Court based on a new indictment against Plaintiff for six fraud charges. *U.S. v. Moon*, No. 1:17-cr-5-AGF (E.D. Mo.). Plaintiff was arrested in June 2017 in Tennessee. By early July 2017, Plaintiff had been transported to, and detained in, the Dunklin County Jail in Missouri. Plaintiff filed a motion in his pending criminal matter, complaining about the conditions of confinement at the Jail, including allegations concerning the widespread drug use by inmates and that the drugs were brought in by Jail employees. *Id.* at ECF No. 18. Plaintiff requested to transfer to a detention facility in Tennessee. The Court held a hearing on the motion and denied it. *Id.* at ECF No. 22. Plaintiff then submitted a second motion requesting transfer. *Id.* at ECF No. 25. Based on Plaintiff's allegation in that motion that there was a "real and immediate threat of harm to him" in the Dunklin County Jail, the Court communicated with the Marshals Office and was informed that Plaintiff had been housed in a single cell since July 21, 2017. *Id.* at ECF No. 27. Plaintiff's second motion for transfer was denied. In April 2018, Plaintiff pled guilty to the fraud charges and in July, he was sentenced to seventy-seven months' imprisonment and two years of supervised release. *Id.* at ECF Nos. 49, 66.

In January 2023, Plaintiff notified the Court that he was in halfway house in Farmington, Missouri. *Id.* at ECF Nos. 152-53. According to a Notice filed by Plaintiff in this case, Plaintiff

was released from BOP custody on April 21, 2023; he was released from the halfway house on May 2, 2023; and he is currently serving a term of supervision.  ECF No. 4 at 1-2.

## II.     Litigation History

Because Plaintiff alleges that his litigation history is a motivating factor in the alleged offensive actions of defendants in this matter, understanding this history is also important.  By 2009, as an incarcerated prisoner, Plaintiff had at least three cases dismissed as frivolous, malicious, or for failure to state a claim.[1]  As a result, some of Plaintiff's subsequently filed cases were dismissed under the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915(g).[2]  Furthermore, in some of Plaintiff's cases where he was granted *in forma pauperis* status, this status was later revoked by the court.[3]

After Plaintiff's release from federal prison in July 2015 – when the PLRA's three-strikes provision was no longer applicable to him – Plaintiff filed approximately seventeen civil cases in Missouri, Illinois, Ohio, and Arkansas.  *See Moon v. Fed. Bureau of Prisons*, No. 1:15-cv-197-ACL, ECF No. 21 at 5 (E.D. Mo.).  Some of those cases were dismissed due to Plaintiff's fraudulent omissions on this complaint and in his *in forma pauperis* forms, resulting in restrictive

---

[1] *Moon v. U.S.*, No. 1:09-cv-6-RWS (E.D. Mo.); *Moon v. Nat'l Asset Recovery Servs., Inc.*, No. 4:09-cv-117-DDN (E.D. Mo.); *Moon v. Nat'l Asset Recovery Servs., Inc.*, No. 4:09-cv-1129-DDN (E.D. Mo.).  Plaintiff had additional cases dismissed as frivolous, malicious, or for failure to state a claim after 2009 as well.  *See Moon v. Unterreiner*, No. 1:15-cv-160-SNLJ (E.D. Mo.); *Moon v. U.S.*, No. 1:15-cv-210-SNLJ (E.D. Mo.).

[2] *Moon v. Cape Girardeau Cnty. Sheriff's Dep't*, No. 1:11-cv-128-LMB (E.D. Mo.); *Moon v. Mo. Div. of Emp. Sec.*, No. 2:09-cv-4140-NKL, 2009 WL 3261920 (W.D. Mo.); *Moon v. Doerge*, No. 1:16-cv-208-ACL (E.D. Mo.); *Moon v. Boyd*, No. 1:17-cv-125-SNLJ (E.D. Mo.); *Moon v. Holder*; No. 1:17-cv-132-DDN (E.D. Mo.).

[3] *Moon v. Fed. Bureau of Prisons*, No. 1:15-cv-197-ACL (E.D. Mo.) (pauper status revoked due to abuse of the system); *Moon v. Fed. Bureau of Prisons*, No. 12-0416 (RWR), 2012 WL 6135856 (D.D.C.) (finding Plaintiff accumulated three strikes, vacated pauper status, and barred Plaintiff from proceeding *in forma pauperis* in future civil actions).

sanctions on Plaintiff that prevented him from filing any further litigation until he had paid all outstanding filing fees.[4]

In 2018, Plaintiff described himself as "well known for filing lawsuits" and as a "jailhouse lawyer" who "helps inmates file lawsuits against jails." *U.S. v. Moon*, No. 1:17-cr-5-AGF, ECF No. 114 at 10-11 (E.D. Mo.) (statement made July 16, 2018).  As of the date of this Order, based on a basic search in PACER (the federal court's electronic records system), it appears that Plaintiff has filed over a hundred civil cases in federal courts across the country.

### The Amended Complaint[5]

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against thirty-six defendants including: Dunklin County; six Dunklin County Jail employees (including a sheriff, deputy sheriff, nurse, doctor, administrator, and supervisor); twenty-seven former and current Dunklin County correctional officers; and two U.S. Marshals. ECF No. 3 at 7-12.  Plaintiff states that he is suing all defendants in their individual capacities for monetary relief and in their official capacities for injunctive relief.  *Id.* at 12.

The allegations of Plaintiff's Amended Complaint pertain to periods of past incarceration at the Dunklin County Jail in Kennett, Missouri.  *Id.* at 13.  However, the Court notes that

---

[4] The Southern District of Illinois Court extended restrictions on Plaintiff in *Moon v. Dodrill*, No. 3:15-cv-876-JPG, ECF No. 80 (S.D. Ill.), when it stated in part:

> Plaintiff's **FILING RESTRICTION REMAINS IN EFFECT** and is **EXTENDED**. Accordingly, Plaintiff is prohibited from filing any further litigation, including any papers in a civil action, in this District until such time as his outstanding filing fees of $2,902.00 are paid in full. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (1995); *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997). … Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court *no earlier* than two years from the date of entry of this new Order (no sooner than July 21, 2022).

*See also Moon v. Walton*, No. 3:15-cv-889-JPG-SCW (S.D. Ill.); *Moon v. Samuels*, No. 3:15-cv-861-JPG-SCW (S.D. Ill.); *Moon v. Rivas*, No. 3:15-cv-891-SMY-DRH (S.D. Ill.).

[5] Plaintiff filed an Amended Complaint in this matter (ECF No. 3) soon after the filing of the original Complaint (ECF No. 1).  Because an amended pleading completely replaces the prior pleading, the Court will only discuss the allegations of the Amended Complaint.  *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff's extensive 'Statement of Claim' also complains about incidents that occurred at the Cape Girardeau Federal Courthouse; the St. Clair, Illinois Jail; the St. Charles County, Missouri Jail; and the Cape Girardeau County, Missouri Jail. *Id.* at 22-24.

Plaintiff was detained at the Dunklin County Jail from approximately July 1, 2017, until September 11, 2017, and again sometime before May 15, 2018, until July 29, 2018. *Id.* at 13, 22, 27, 32. Plaintiff alleges that during his 2017 period of confinement, many of the Jail inmates were openly doing drugs, which were sold to them by Jail employees. *Id.* at 13-17. Plaintiff states that after he complained to the Court about this situation at a court hearing, the Marshals searched the Jail. *Id.* at 17-19. During this period of incarceration, Plaintiff began acting as a jailhouse lawyer for many Jail inmates, helping them file lawsuits against the Jail, Jail employees, and the Marshals. *Id.* at 20. Plaintiff alleges that as a result of his helping other inmates, he was retaliated against by defendant Nicole Green – the Jail administrator – at the behest of U.S. Marshal defendants Ned Boyd and Patrick James. Plaintiff asserts that he was not allowed to purchase commissary, denied recreation time, and denied health care. *Id.* Plaintiff responded by filing grievances. *Id.* at 20-21. Plaintiff states that he was moved to a dirty cell and then to a medical isolation cell. According to Plaintiff, defendant Green instructed all the other defendants "to not speak to [him], to NOT give [him] a shower, not let [him] order commissary, use the phone, [or] have any hygiene items." *Id.* at 21.

Plaintiff alleges that during his 2018 period of confinement in the Dunklin County Jail he was denied showers, clothing, toilet paper, pen and paper, phone calls, attorney visits, access to the commissary, recreation, medical care, mail, and religious accommodations. Plaintiff states that these conditions were implemented by Green at the direction of Marshals Boyd and James. In addition, Jail staff were instructed not to speak with Plaintiff. *Id.* at 27-28. Plaintiff complained

to the Court about these conditions of confinement at his criminal sentencing on July 16, 2018. *Id.* at 29-31.

Plaintiff seeks relief from the Court based on ten claims: (1) civil conspiracy under 42 U.S.C. § 1983; (2) First Amendment retaliation; (3) free exercise of religion; (4) Religious Freedom Restoration Act, 42 U.S.C. § 2000bb; (5) civil conspiracy under 42 U.S.C. §§ 1985 and 1986; (6) substantive due process; (7) civil conspiracy under state law; (8) negligence under state law; (9) negligence per se under state law; and (10) intentional infliction of emotional distress under state law. *Id.* at 32-39. Plaintiff requests declaratory and injunctive relief, and monetary damages. *Id.* at 6, 39.

## Discussion

Upon review of the Amended Complaint under 28 U.S.C. § 1915(e)(2), the Courts finds multiple legal deficiencies in the pleadings. However, because Plaintiff is self-represented and he has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint before dismissing). Plaintiff should consider the following legal issues in filing his second amended complaint.

### I.    § 1983 Requires Personal Liability

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff brings his Amended Complaint against thirty-six defendants. However, most of the defendants are never named anywhere in the factual allegations of the Amended Complaint; they are only named in the list of defendants. *See* ECF No. 3 at 6-32. Plaintiff attempts to assert claims against all twenty-seven correctional officer defendants with one broad, generalized accusation as follows:

> When the plaintiff sought medical care from ALL of the officers listed on the complaint, they refused to provide him with medical attention, as well as hygiene items, clothing, showers, commissary, visits from his family and attorney, use of the phone, and, inter alia, any sort of recreation outside of the cell.

*Id.* at 29.

As for non-correctional officer defendants Corey Camp (sheriff deputy), Charles Pewitt (Jail doctor), and Dunklin County, Plaintiff never states any allegations against them at all. The only possible allegation that could be construed against these defendants is Plaintiff's statement that defendant Green "instructed ALL of the defendants … to not speak to the plaintiff, to NOT give the plaintiff a shower, not let the plaintiff order commissary, use the phone, have any hygiene items, etc." *Id.* at 21. Furthermore, Plaintiff does not bring any of his federal claims against these three defendants. The only claims for relief brought against them are Missouri state law negligence and negligence per se claims – claims that are brought against all defendants.[6] *Id.* at 38.

Plaintiff's sweeping allegations are not enough to state a claim under § 1983 against each named defendant. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents

---

[6] It is unclear who Plaintiff intends to bring his "Count Six – Violation of Right to Substantive Due Process" claim against. Plaintiff alleges certain defendants violated his substantive due process right, including "defendants Holder, Sandefur, Smith, Green, Grisham, Snow, Lopez, and ALL of the correctional officers." ECF No. 3 at 37. However, then Plaintiff states that he is seeking damages under this claim against "ALL of the defendants in this complaint." *Id.*

that deprived the plaintiff of his constitutional rights). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted).

In order to state a § 1983 claim for relief, Plaintiff must allege, with specificity, what each defendant did to violate his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Although self-represented pleadings should be construed liberally, at the very least, the complaint must contain facts which state a claim as a matter of law. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). A complaint must plead more than "legal conclusions" and must have more support than "mere conclusory statements." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's vague statement that he sought unspecified medical care from each of these twenty-seven current and former correctional officers at an unspecified time, is not enough to state a claim for relief. Importantly, Plaintiff does not even bring a claim for relief based on a denial of medical care in his Amended Complaint. Furthermore, Plaintiff's allegation that defendant Green gave "ALL of the defendants" instructions on his care and treatment, is not enough to state a claim against them all. Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *See Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted).  It is not enough to name a defendant in the caption or defendant list, Plaintiff must make specific factual allegations against each defendant if he wants his claim to survive initial review.

## II.     Statute of Limitations Time Bar

Because 42 U.S.C. § 1983 provides no specific statute of limitations period, the controlling limitation period is the most appropriate period provided by state law.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462 (1975)).  Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations.  *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).  "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run."  *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citations omitted).

In this case, Plaintiff complains about his treatment while confined at Dunklin County Jail during two different periods of time – one in 2017 and one in 2018.  Plaintiff's Complaint is dated April 23, 2023.  ECF No. 1 at 5.  Based on a five-year statute of limitations for § 1983 claims, Plaintiff's claims regarding to his 2017 period of confinement were filed too late.  When Plaintiff amends his pleadings in this case, he should only bring claims for violations of his civil rights that occurred in the last five years.

## III.    Res Judicata Bars Relitigation of Claims

"Res judicata incorporates the concepts of both issue preclusion and claim preclusion. Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has

been litigated and decided. A party is precluded from litigating such a matter in a subsequent case." *Sandy Lake Band of Miss. Chippewa v. U.S.*, 714 F.3d 1098, 1102 (8th Cir. 2013) (internal citations and quotations omitted).

Plaintiff has filed many cases before this Court and other courts. The Court warns Plaintiff that he cannot bring claims in this suit that have already been raised and decided. "[A]n issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action. Furthermore, issues which might have been raised in the first lawsuit may not be raised in a second lawsuit arising out of the same cause of action." *Robbins v. Dist. Ct. of Worth Cnty., Iowa*, 592 F.2d 1015, 1017 (8th Cir. 1979).

For example, in one of Plaintiff's previously filed cases from 2019, Plaintiff stated that he was "in the process of preparing a civil rights complaint against the officers at the Dunklin County Jail" and other individuals to redress violations of his constitutional rights that occurred in a medical isolation cell of the Dunklin County Jail in May and July of 2018. *Moon v. Dunklin Cnty. Jail*, No. 1:19-cv-17-ACL, ECF No. 1 at 1 (E.D. Mo.). Plaintiff should not bring claims in his amended pleading that have been previously litigated in a prior lawsuit.

### IV. Conspiracy Claims Must be Plead with Particularity

Plaintiff brings civil conspiracy claims under 42 U.S.C. sections 1983, 1985, and 1986, and under Missouri state law. ECF No. 3 at 32-34, 36-38. All of the civil conspiracy claims are brought against U.S. Marshal Boyd, U.S. Marshal James, Jail administrator Nicole Green, and nurse Ashley Grisham. However, four other defendants are named in certain conspiracy claims. *Id.* (§1983 claim names correctional officer Marishia Sandefur and Jail supervisor Jimmy Smith; §§1985 and 1986 claim names Sandefur and Dunklin County Sheriff Bob Holder; Missouri state law claim names Sheriff Holder).

To demonstrate the existence of a § 1983 conspiracy, a plaintiff must allege, among other things, a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013).  Similarly, a § 1985 conspiracy requires a plaintiff to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Johnson v. Perdue*, 862 F.3d 712, 717-18 (8th Cir. 2017).

In this case, Plaintiff repeatedly asserts that defendants Boyd, James, and Green worked together to deprive him of basic life necessities; however, the only allegation of the Amended Complaint that pleads a conspiracy with particularity is as follows:

> Ned [Boyd] and Patrick [James] and Nicole [Green] reached an agreement that under NO CIRCUMSTANCES was any staff-member to talk to the plaintiff for any reason whatsoever, including allowing plaintiff religious accommodations.

ECF No. 3 at 27.  If Plaintiff wishes to include other defendants in his civil conspiracy claims, he needs to plead particular material facts demonstrating each defendants' participation in reaching an agreement to deprive Plaintiff of his rights.

### V.     Generalized Substantive Due Process Claim Disfavored

Plaintiff asserts a substantive due process claim against most, if not all, of the thirty-six defendants.[7]  However, the Supreme Court has expressed its reluctance to expand the concept of substantive due process.  *Stewart v. Wagner*, 836 F.3d 978, 983 (8th Cir. 2016).  As such, when "a particular constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Greenman v. Jessen*,

---

[7] *See supra* note 6.

787 F.3d 882, 890 (8th Cir. 2015).  When filing his amended pleading, Plaintiff should couch his claims under a particular constitutional amendment when possible.

### VI.     Municipal Liability Requirements for Defendant Dunklin County

As discussed above, Plaintiff names Dunklin County as a defendant in this matter but raises no specific factual allegations or claims against it.  In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983.  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").  As such, there are three ways in which a plaintiff can prove municipal liability.  If a plaintiff alleges deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

In this case, Plaintiff has not alleged a constitutional violation based on a Dunklin County policy, custom, or deliberately indifferent failure to train or supervise.  Similarly, there are no facts alleged that suggest a pattern of similar constitutional violations by untrained employees.  In fact, Plaintiff seems to assert the opposite when he suggests that his circumstances are unique given his pervasive work as a jailhouse lawyer.  If Plaintiff wants his case against this County defendant to survive initial review of his amended pleading, he must assert the necessary facts to state a claim of municipal liability.

## VII. Injunctive Relief Moot

Finally, to the extent that Plaintiff requests injunctive relief in this matter, such relief is moot as he is no longer incarcerated at the Dunklin County Jail. The Eighth Circuit has consistently held that a prisoner's transfer to a different facility where the alleged unlawful conduct does not exist, renders moot a prisoner's request for injunctive relief. *See Martin,* 780 F.2d at 1337 (dismissed as moot prisoner plaintiff's claim for injunctive relief to improve prison conditions because plaintiff was transferred to a different unit); *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978) (prisoner's transfer to a different state penitentiary rendered moot his claim for injunctive relief). Because Plaintiff here is no longer in custody at the Jail, his request for injunctive relief is moot.

## Instructions for Filing a Second Amended Complaint

Plaintiff is advised that the filing of a second amended complaint **completely replaces** all prior complaints and supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from prior complaints that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the second amended complaint on the Court-provided prisoner civil rights complaint form, and the second amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple,

concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (claims should be in separate paragraphs and should be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

Furthermore, Plaintiff cannot assert in a single lawsuit, claims against different defendants that are related to events arising out of different occurrences or transactions. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may, however, name a single defendant, and assert as many claims as he has against him or her. Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

As such, Plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file a second amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his second amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. Fed. R. Civ. P. 18(a).

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell*, 909 F.2d at 1208. It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian*, 760 F.3d at 848.

**Conclusion**

Plaintiff will be granted *in forma pauperis* status and the filing fee will be waived. However, Plaintiff should consider the legal issues discussed herein and file a second amended complaint which contains all of the relevant factual allegations and asserts all of the claims Plaintiff wishes to bring. After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If Plaintiff fails to file a second amended complaint on a Court-provided form within **thirty days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 24th day of July, 2023.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE