UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DARNELL WESLY MOON,               )
                                  )
            Plaintiff,            )
                                  )
      v.                          )          Case No. 1:23 CV 71 CDP
                                  )
NED BOYD, et al.,                 )
                                  )
            Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Alternate Service of Summons (ECF 9), Motion for Free Pacer Access (ECF 10), and Motions for Appointment of Counsel (ECF 14, 18).  By a separate Memorandum and Order entered this date, I reviewed Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915 and ordered process to issue on defendant Nicole Green.  For the following reasons, Plaintiff's pending motions will be denied without prejudice.

**Motion for Alternate Service of Summons (ECF 9)**

Plaintiff requests that defendants be served by a private process server rather than by the U.S. Marshals Service because two defendants named in his Second Amended Complaint are deputy marshals.  Plaintiff also requests that I order defendant Bob Holder, the Dunklin County Sheriff, to provide "the court with the last known address of all the defendants in this case."  ECF 9 at 1.

Upon my review of Plaintiff's Second Amended Complaint, I dismissed the two deputy marshal defendants under 28 U.S.C. § 1915(e)(2)(B).  I therefore see no reason why the U.S. Marshals Service should be prohibited from effecting service on defendant Green, the only remaining defendant in the case, in its normal course of business.  Nor is there any reason why the Marshals would be unable to serve Green in this action, thereby rendering Plaintiff's request for disclosure of Green's last known address as premature.  I will deny Plaintiff's motion for alternate service.

### Motion for Free PACER Access (ECF 10)

Plaintiff requests free access to PACER, the federal court's portal for public access to court electronic records, during the pendency of this case, averring that he is "only working part-time" and "cannot afford the PACER access fees."  ECF 10 at 1. Since filing the motion, Plaintiff's supervised release in a federal criminal case has been revoked, and he is currently serving his sentence at a U.S. Bureau of Prisons facility.  *See U.S. v. Moon*, Case No. 4:17CR05 AGF (E.D. Mo. Feb. 2, 2024) (judgment of revocation).  As federal prisoners do not have access to PACER, Plaintiff's request for free access is moot.  I will therefore deny Plaintiff's motion as moot but without prejudice to refiling once he is released from prison.

### Motions for Appointment of Counsel (ECF 14, 18)

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  There is no constitutional or statutory right to appointed counsel in civil cases.

- 2 -

*Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  Once

the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's

need for counsel to effectively litigate his claim.  *In re Lane*, 801 F.2d 1040, 1043

(8th Cir. 1986).  The standard for appointment of counsel in a civil case is whether

both the plaintiff and the Court would benefit from the assistance of counsel.

*Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on*

*other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).   This

determination involves the consideration of several relevant criteria, including "the

factual complexity of the issues, the ability of the indigent person to investigate the

facts, the existence of conflicting testimony, the ability of the indigent person to

present the claims, and the complexity of the legal arguments."  *Phillips*, 437 F.3d at

794 (citing *Edgington*, 52 F.3d at 780).

In this matter, I find that the appointment of counsel is not warranted at this

time.  The claims that remain involve straightforward questions of fact rather than

complex questions of law.  Moreover, to appoint counsel now would be premature

given that the defendant has not yet been served in the case and no Case Management

Order has issued.  I therefore conclude that the appointment of counsel would not be

of sufficient benefit to the Court or to Plaintiff at this time, and I will deny Plaintiff's

motions without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Alternate Service of Summons [9] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Free PACER Access [10] is **DENIED as moot and without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Appointment of Counsel [14] [18] are **DENIED without prejudice**.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 28th day of March, 2024.