# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WESLY MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-71-CDP |
| | ) | |
| NED BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons explained below, the U.S. Marshals Service will be directed to seek information on Defendant Nicole Green from the Dunklin County Sheriff's Department and then re-attempt service at that location(s).

On March 28, 2024, the Court dismissed all named defendants from this matter except Dunklin County Jail Administrator Nicole Green. ECF 23, 24. Summons was issued as to defendant Green at the Dunklin County Sheriff's Office, with service by the U.S. Marshals. ECF 23, 26. However, on April 5, 2024, the summons was returned unexecuted with a note that "Nicole Green is no longer employed at the Dunklin Co Sheriff's Dept." ECF 28 at 1.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

According to the Eighth Circuit Court of Appeals, when the U.S. Marshals Service is appointed to serve a defendant where the plaintiff has been granted *in forma pauperis* status and is incarcerated, and the plaintiff shows "good cause" for failure to serve a county jail employee-

defendant because she is no longer employed by the Jail and the plaintiff's incarceration prevents him from investigating the defendant's current address, the Court should order the Marshal to obtain whatever information the Jail might have in order to ascertain the defendant's current address. *Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798 (8th Cir. 2014) (per curiam); *see also Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010) (unreasonable to expect incarcerated *pro se* prisoner-litigants to provide current addresses of prison-guard defendants who no longer work at prison).

In the particular circumstances of this case, I will direct the U.S. Marshal to obtain whatever information the Dunklin County Jail may have on defendant Nicole Green's current address and attempt to serve process on defendant Green after obtaining such information. If the Marshal is unable to effectuate service in this manner, Plaintiff shall then be responsible for providing the information necessary for service on defendant Green or to show good cause for failure to serve Green in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue an alias summons for defendant Nicole Green, for issuance of summons and second amended complaint, and service by the U.S. Marshals Service at the Dunklin County Sheriff's Department, 1175 Floyd Street, Kennett, MO 63857.

**IT IS FURTHER ORDERED** that the Clerk shall include the following special instructions on the Process Receipt and Return form: "The U.S. Marshals Service shall obtain from the Dunklin County Sheriff's Department whatever information that Department may have concerning Green's whereabouts, including her last known contact information, and any alternate contact information, and then shall *re-attempt service at that location or locations*. Within the

Proof of Service section, the U.S. Marshals Service must clearly state in writing whether they solicited the last known information from the Dunklin County Sheriff's Department and detail the response."

                                                                                _____
                                                                                CATHERINE D. PERRY
                                                                                UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2024.