UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-71 CDP |
| ) | |
| NED BOYD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Darnell Wesly Moon brings this action alleging civil rights violations during his detention at the Dunklin County Jail in 2018. The matter is now before me on two motions filed by Plaintiff. First, Plaintiff asks the Court to vacate its prior Order which partially dismissed Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and to reinstate all dismissed claims and defendants. ECF No. 41. Second, Plaintiff requests that I recuse myself from handling this case, and have it randomly reassigned to a different judge. ECF No. 42. Both these motions will be denied. Additionally, because the sole defendant, Nicole Green, has now filed an answer to the Second Amended Complaint (ECF No. 44), a Case Management Order will issue by separate order.

**Motion to Vacate Partial Dismissal (ECF No. 41)**

On March 28, 2024, the Court issued a lengthy and detailed Order dismissing all defendants except Dunklin County Jail Administrator Nicole Green, and all claims except for Plaintiff's due process/Eighth Amendment claim of unconstitutional punishment and his First Amendment free-exercise-of-religion claim. *See* ECF Nos. 23. Plaintiff now asks the Court

1

to vacate that partial dismissal and reinstate all claims because, according to Plaintiff, the Court relied on "unreasonable inferences … in clear contravention of Supreme Court and Eighth Circuit precedent."  ECF No. 41 at 2.

Plaintiff seeks this relief under Federal Rule of Civil Procedure 60(b), which states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).  It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court.  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by Plaintiff in his motion, the Court finds that there are no grounds for granting relief under Rule 60(b).  Plaintiff's motion fails to point to any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's partial dismissal.  Instead, Plaintiff argues that

2

his claims should not have been dismissed for failure to state a claim because he pleaded enough facts in his Second Amended Complaint for the Court to draw a reasonable inference that the defendants are liable for the alleged misconduct, and enough facts to state a nonfrivolous claim for relief.   ECF No. 41 at 4.   Plaintiff's motion relies on his suggestion that the Court should assume certain truths based on what Plaintiff contends makes "sense" or is simply "obvious." ECF No. 41 at 12-13, 18.   But the Court will not supply additional facts or create a legal theory assuming facts that have not been pleaded.   *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).   Plaintiff's motion basically restates the same arguments (and points to the same facts) that he asserted in his Second Amended Complaint.   The Court has already extensively evaluated those facts and arguments and found partial dismissal under 28 U.S.C. § 1915(e)(2)(B) to be appropriate.

A Rule 60(b) motion is not intended to be a method for seeking reconsideration of merit arguments that were previously considered, and rejected, by the Court.   *See Broadway*, 193 F.3d at 990.   There are no exceptional circumstances here that justify extraordinary relief.   The Court declines to provide Plaintiff with relief from partial dismissal in this matter.   Plaintiff's motion to vacate will be denied.

## Motion to Recuse (ECF No. 42)

Plaintiff also filed a "Motion for Recusal Pursuant to 28 USC 455(a), (b)(1)."   ECF No. 42.   In the motion, Plaintiff requests that I immediately recuse myself from this case.   He argues that I engaged in "unlawful and inappropriate ex parte communication with [dismissed] defendants Boyd and James" or that I "secretly communicated" with them.   *Id.* at 1-2. Plaintiff states that these ex parte or secret communications can be presumed from a footnote in

3

the partial dismissal Order issued in the case. That Order discusses Plaintiff's allegations (made to the magistrate judge presiding over his pending criminal matter in 2017) that drugs were prevalent at the Dunklin County Jail, and which resulted in a search of the federal holding cells. ECF No. 23 at 17. Because Plaintiff's pleadings are silent as to any drugs being found, and his criminal case docket does not indicate any findings, a footnote in the Order stated: "[i]t appears nothing was found in the search." *Id.* at 17 n.10.

Plaintiff also argues that recusal is proper here because my "statements" in the partial dismissal Order "tend to indicate" that I have a "personal bias or prejudice" against him. ECF No. 42 at 2. Plaintiff points to only one such "statement" from the Order. In dismissing Plaintiff's § 1983 claims against deputy U.S. Marshals Boyd and James, the Court concluded that: "No state actor directed the deputies' conduct, nor did the deputies act under State authority." ECF No. 23 at 13. According to Plaintiff, this conclusion could not have been reached without ex parte communications with dismissed defendants Boyd and James. ECF No. 42 at 2.

Plaintiff seeks recusal under 28 U.S.C. § 455, which provides in part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

"Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant—section 455(a) sets an objective standard that does not require scienter." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (abrogated on other grounds) (citations omitted). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by

4

the average person on the street who knows all the relevant facts of a case.'"  *Id.* (quoting *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)).  Disqualification due to the appearance of impartiality "is intended to 'promote public confidence in the integrity of the judicial process.'"  *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988)).  However, "'[a]n adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality."  *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 665 (8th Cir. 2003) (citations omitted).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned.  Conclusory statements are of no effect.  Nor are [a party's] unsupported beliefs and assumptions.  Frivolous and improperly based suggestions that a judge recuse should be firmly declined."  *Maier v. Orr,* 758 F.2d 1578, 1583 (Fed. Cir. 1985).

Plaintiff's motion for recusal is baseless.  Plaintiff's conclusory statement that I based aspects of the Order of partial dismissal on ex parte communications with dismissed defendants, is incorrect and unsupported.  The Order was based on the facts provided by Plaintiff in his pleadings and from court records.  Plaintiff cannot argue recusal is necessary when there are no facts establishing a disqualifying circumstance.  In addition, Plaintiff's argument that I am biased or prejudiced against him because I dismissed many claims and defendants from this case, is not sufficient basis for disqualification.  *See Fletcher,* 323 F.3d at 665.  Nothing in Plaintiff's motion establishes a clear showing of bias or partiality.  There is no basis for my recusal in this matter.  As a result, I am obligated to hear this case and decide the pending motions.  Plaintiff's motion for recusal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Order of Partial Dismissal [ECF No. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal [ECF No. 42] is **DENIED**.

**IT IS FURTHER ORDERED** that on the Court's own motion, the Clerk of the Court shall amend the caption of this case to read as follows:

Darnell Wesly Moon, plaintiff, v. Nicole Green, defendant, Case No. 1:23-cv-71 CDP. The parties shall use the amended caption on all future filings.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall change the short title of this case to read Moon v. Green.

Dated this 21st day of August, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE