UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23 CV 71 CDP |
| NICOLE GREEN, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented plaintiff and federal prisoner Darnell Wesly Moon moves for leave to file a third amended complaint challenging the conditions of his confinement at the Dunklin County Jail from May through July 2018. For the following reasons, I will grant the motion in part and deny it in part.

**Procedural Background**

Moon originally brought this prisoner civil rights action on April 28, 2023, alleging that several state and federal actors violated various of his federal constitutional, statutory, and state law rights while he was detained at the Dunklin County Jail from mid-May through July 2018. His original complaint comprised six federal claims and four state-law claims. Moon filed an amended complaint on May 8, 2023, that again comprised six federal claims and four state-law claims. As Moon was proceeding *in forma pauperis*, I reviewed the amended complaint under

28 U.S.C. § 1915(e)(2).[1]  In a detailed Memorandum and Order entered July 24, 2023, I set out the multiple deficiencies contained in the amended complaint and permitted Moon to file a second amended complaint (SAC).  (ECF 6.)  In that Memorandum and Order, I provided clear instructions regarding the factual, legal, and organizational structure needed for the SAC to comply with the Federal Rules of Civil Procedure.  (*Id.* at pp. 14-16.)  I instructed Moon to include in the SAC "all claims" he wished to bring, given that the SAC would completely replace all prior complaints and supplements.  I cautioned Moon that any claims from prior complaints that were not included in the SAC would be "deemed abandoned and will not be considered."  (*Id.* at p. 14.)  I gave Moon thirty days to file an SAC that contains "all of the relevant factual allegations and asserts all of the claims" he wished to bring.  (*Id.* at p. 17.)

Moon timely filed his SAC on August 22, 2023, in which he raised eight federal claims and five state-law claims.  Moon named nineteen defendants in the SAC.  Seventeen other defendants that were named in Moon's earlier complaints were not named in the SAC and were terminated from the action.  On March 28, 2024, after review of the SAC under § 1915(e)(2), I dismissed Moon's federal

---

[1] Moon was not a prisoner when he brought this action, having been released from Bureau of Prisons custody on April 21, 2023.  He returned to federal custody on January 8, 2024, and is currently incarcerated at Yazoo City USP, U.S. Penitentiary.  Because the three-strikes rule applies only to prisoners who are incarcerated or detained at the time they bring a civil action, *see* 28 U.S.C. § 1915(g), (h), the rule does not apply to Moon here despite his otherwise meeting the three-strikes bar.

claims against all defendants except Jail Administrator Nicole Green, permitting Moon's First Amendment exercise of religion and Eighth Amendment/due process claims to proceed against her.  I declined to exercise supplemental jurisdiction over Moon's state-law claims, concluding that a Missouri state court was the best venue for those claims, especially since Moon already had an action pending in state court on the claims.  (*See generally* ECF 23.)

More than four months later, on August 5, 2024, Moon moved to vacate my March 28 Memorandum and Order under Federal Rule of Civil Procedure 60(b)(6), reasserting at length his factual and legal bases he claimed supported all his federal claims and cursorily asking that his state-law claims be reinstated.  I denied the motion on August 21.

On September 24, Moon filed the instant motion for leave to file a third amended complaint (TAC), with his proposed TAC attached.[2]  The proposed TAC restates all the federal and state claims raised in the SAC and names all nineteen defendants from the SAC.  The proposed TAC also adds nine new federal claims and six new state-law claims and reinstates the seventeen defendants that were not included in the SAC and were terminated from this action.  Finally, the proposed

---

[2] The Case Management Order in this case required that all motions for leave to amend pleadings be filed not later than September 20, 2024.  Applying the prison mailbox rule, I consider the motion, signed September 17 and sent by certified mail, as timely filed.  I will grant Moon leave to file his memorandum in support, signed October 16, 2024, out of time.  (*See* ECF 57.)

TAC adds a defendant that has never before been named in the case – Advanced Correctional Healthcare.  Nicole Green, as the only remaining defendant from the SAC, opposes the motion to amend.  Given that Moon is currently a prisoner, I review his proposed TAC under 28 U.S.C. § 1915A.

## Legal Standard

Under 28 U.S.C. § 1915A(a), the Court "shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Upon such review, the Court shall dismiss the complaint, or any portion thereof, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).  This review applies to a prisoner's proposed amended complaint.  *Grady v. St. Louis City Just. Ctr.*, No. 4:21-cv-393-JMB, 2021 WL 3633708, at *3 (E.D. Mo. Aug. 17, 2021).

A district court should freely give leave to a party to amend his pleading when justice so requires.  Fed. R. Civ. P. 15(a)(2).  A decision whether to allow a party to amend his complaint is left to the sound discretion of the district court.  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  The repeated failure to cure deficiencies by amendments previously allowed, futility of the amendment, and/or late-tendered amendments with new theories of recovery are bases upon which a court may deny leave to amend a complaint.  *Id.*

**Discussion**

Newly Asserted Claims and Defendants

As an initial matter, I will not permit Moon to add the proposed fifteen new claims to this lawsuit nor reinstate the seventeen defendants he excluded from his SAC. Nor will I permit him to now add Advanced Correctional Heathcare to the case or add other defendants to previously-raised claims but who were never before named in those claims.³ In my July 2023 Memorandum and Order permitting Moon to file an SAC, I explicitly instructed Moon to name all the defendants he wished to sue and assert all the claims he wished to bring against them. Moon's proposed TAC is in direct contravention of that Memorandum and Order. "There is a limit to how many bites even a pro se plaintiff can have at the apple[.]" *Fuentes v. Chavez*, 314 Fed. App'x 143, 145 (10th Cir. 2009). Moreover, Moon provides no reason why his SAC, filed more than one year ago, did not include the fifteen claims or properly identify the defendants who he asserts are liable. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied for undue delay).

To the extent Moon seeks leave to file a TAC to add new claims, new defendants, and additional defendants to claims previously raised in and dismissed

---

³ Specifically, the proposed TAC adds defendant Bob Holder to Moon's dismissed First Amendment claim of retaliation; and it adds defendants Holder, Green, Ned Boyd, and Patrick James to Moon's dismissed claim of deliberate indifference to serious medical needs.

from his SAC, the motion for leave is denied.

Reasserted Claims Against Deputy U.S. Marshals Ned Boyd and Patrick James

Moon attempts to reinstate his dismissed claims brought under 42 U.S.C. § 1983 against deputy U.S. Marshals Ned Boyd and Patrick James, reasserting his argument that their alleged conduct in this case is attributable to the State and thus makes them state actors for purposes of § 1983. He raised this same argument on the same facts in his SAC and in his Rule 60(b)(6) motion to vacate. The TAC contains no more specific factual allegations than the SAC of Boyd's and James's purported State-sponsored conduct as it pertains to their alleged violations of Moon's constitutional rights. The proposed TAC also continues to provide only conclusory allegations of conspiracy under §§ 1985 and 1986 against Boyd and James, and it continues to fail to provide a basis upon which Moon can assert *Bivens*[4] claims against them. Finally, as to Moon's reasserted claim against Boyd and James under the Religious Freedom Restoration Act, the facts asserted in the proposed TAC continue to show that, as Jail Administrator, defendant Green was the decisionmaker on all of Moon's requests, including for religious accommodations.

To the extent Moon seeks leave to file a TAC to reassert his claims against

---

[4] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

defendants Boyd and James, the motion for leave is denied.

Claims of Civil Conspiracy Under §§ 1983, 1985, 1986

The proposed TAC also reasserts Moon's dismissed §§ 1983, 1985, and 1986 claims of conspiracy against defendants Green, Dunklin County Sheriff Bob Holder, and Nurse Ashley Grisham. His reasserted claims, however, are based on the same facts as alleged in the SAC, which I found were insufficient to state a claim of conspiracy. Although the proposed TAC adds that the defendants' alleged conspiratorial conduct was done to retaliate against and punish Moon for filing lawsuits and to discriminate against his religious beliefs, these added assertions are merely legal conclusions rather than the factual enhancements needed to state a plausible claim of conspiracy. *See Faulk v. City of St. Louis, Mo.*, 30 F.3d 739, 747-48 (8th Cir. 2022). To the extent Moon also adds the factual averment that defendants knew he was Muslim, that assertion is insufficient to state a plausible claim of conspiracy. Mere knowledge of Moon's religion does not show that defendants agreed to discriminate against him *because* of it. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009).

First Amendment Retaliation

Moon attempts to reassert his dismissed claim that defendants Green and Grisham retaliated against him for exercising his First Amendment right to file lawsuits. His reasserted claim, however, is based on the same facts as alleged in

the SAC, which I found were insufficient to state a claim of First Amendment retaliation. To the extent Moon asserts that defendants retaliated against him for filing lawsuits on behalf of other prisoners, inmates do not possess a special First Amendment right to provide legal assistance to other inmates. *Shaw v. Murphy*, 532 U.S. 223 (2001). Accordingly, Moon did not engage in conduct protected by the First Amendment when he assisted other prisoners in filing lawsuits, and he therefore cannot state a constitutional claim of retaliation based thereon.

*Monell*[5] Claim Against Dunklin County

In the proposed TAC, Moon again reasserts his claim that Dunklin County had an unlawful custom of retaliating against pretrial detainees who filed lawsuits against Jail employees by placing them in booking or medical isolation cells; restricting their commissary privileges; and threatening, intimidating, or harassing them. As with the dismissed *Monell* claim in his SAC, Moon's factual basis for the instant claim is his awareness of detainees who experienced the alleged retaliatory conduct. Although Moon continues to not specifically assert that he was personally injured by the alleged custom, it can be argued that the TAC, when read *in toto*, alleges that he, too, was retaliated against for filing lawsuits by being placed in a medical isolation cell and subjected to intimidation and harassment. Nevertheless, as discussed above, Moon has failed to state a claim that a Dunklin

---

[5] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

County employee retaliated against him for filing lawsuits. He therefore cannot establish that he suffered a constitutional injury by the County's alleged custom of retaliation. *See Edwards v. City of Florissant, Mo.*, 58 F.4th 372, 376 (8th Cir. 2023) (no *Monell* liability for City in absence of constitutional violation by a city employee).

Substantive Due Process

In the March 28 Memorandum and Order, I permitted Moon's substantive due process/cruel-and-unusual-punishment claim to proceed to the extent it alleged that Green was responsible for denying him adequate hygiene supplies for a period of months in 2018 while he was a pretrial detainee at the Jail and then as a convicted and sentenced inmate. In the proposed TAC, Moon abandons his cruel-and-unusual-punishment claim as he now alleges unconstitutional conduct that occurred only while he was a pretrial detainee. However, Moon attempts to reinstate the entirety of his due process claim against all named defendants except Dr. Charles Pewitt, that is, his allegations that being detained in the medical isolation cage and being denied access to adequate hygiene, a change of clothing, and the telephone, commissary, and grievance kiosk violated his right to substantive due process as a pretrial detainee.[6]

---

[6] To the extent Moon makes new allegations that he was deprived of attorney visits and correspondence materials (*i.e.*, pens, paper, and envelopes), raising those claims for the first time

I will continue to permit Moon to proceed on his due process claim against Green for her alleged denial of adequate hygiene supplies when Moon was a pretrial detainee. To the extent Moon attempts to reinstate the claim against other defendants, including individual jailers, the factual allegations of the proposed TAC when read *in toto* show that, as with the allegations made in the SAC, defendant Green was the individual directly responsible for the alleged denial of hygiene care that gave rise to Moon's claim of a constitutional violation. Despite Moon's assertion that he requested hygiene items from the individual jailers, he also acknowledges that they could not deliver any such items, as they were permitted to only deliver food to Moon and retrieve the empty food trays. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (inmate's § 1983 claims fail absent defendant's personal involvement or direct responsibility for incidents that caused injury).

I will therefore grant leave for Moon to amend his complaint to permit him to abandon his Eighth Amendment cruel-and-unusual-punishment claim against Green. Moon's due process claim that Green denied him hygiene items in 2018 while he was a pretrial detainee remains. I will deny Moon's motion for leave to reinstate the remainder of his substantive due process claim.

---

in the proposed TAC runs afoul of this Court's directive that Moon include "all claims" in his SAC. I will therefore not consider those new claims.

First Amendment – Free Exercise of Religion

In the March 28 Memorandum and Order, I permitted Moon to proceed on his claim against Green that she was the decisionmaker who deprived Moon of his First Amendment right to freely exercise his religion by denying Moon's requests for a Holy Quran during Ramadan.  I concluded that the SAC failed to state such a First Amendment claim as to the alleged denial of a prayer rug, fasting meal schedule, or access to a clock, as the pleaded facts failed to show that those denials substantially burdened Moon's sincerely held religious beliefs given that he did not allege more than a *de minimis* deprivation or that there were no alternative methods by which to observe Ramadan, such as using another cloth item for a prayer rug or keeping food in his cell for consumption before sunrise or after sunset.  In his proposed TAC, however, Moon asserts that the alleged deprivation occurred throughout Ramadan in May and June 2018 and that he was not permitted to keep food in his cell because the jailers were instructed to collect all the food trays.  This allegation asserts more than a *de minimis* burden on Moon's exercise of his religion.  See *Lovelace v. Lee*, 472 F.3d 174, 187-88 (4th Cir. 2006) (inability to participate in Ramadan fast is a substantial burden on inmate's religious exercise); *cf. Omar v. Casterline*, 414 F. Supp. 2d 582, 593 (W.D. La. 2006) (defendant's actions in delivering meals during the day were only an inconvenience because inmate stated he kept food in his cell).

I will therefore grant leave for Moon to amend his complaint to claim that Green's alleged failure to provide a Holy Quran *and* a fasting meal schedule during Ramadan in May and June 2018 violated his First Amendment right to freely exercise his religion. In all other respects, I will deny Moon's motion for leave to reinstate the remainder of his First Amendment free exercise claim.

Deliberate Indifference to Serious Medical Needs

In his SAC, Moon alleged that he tried to notify defendants Dr. Pewitt and Nurse Grisham that he had blood in his urine and was experiencing pain with urination, and that in response to his complaint Grisham instructed him to go to sleep. Because those allegations were insufficient to state a claim of deliberate indifference to serious medical needs, I dismissed the claim. In his proposed TAC, however, Moon alleges that on several occasions, both Dr. Pewitt and Nurse Grisham observed blood on the floor of his cell when he made his reports of blood and pain, but they both ignored the circumstance and provided no assistance or care for his medical condition. Such allegations are sufficient to state a claim of deliberate indifference to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (official is deliberately indifferent if they know of and disregard excessive risk to inmate health); *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (objectively serious medical need). *Cf. Pearson v. Prison Health Serv.*, 348 Fed. App'x 722 (3d Cir. 2009) (being told that bleeding from penis and

having related pain is "normal" and being sent back to cell stated claim of deliberate indifference to serious medical need); *Bai v. Johnson*, No. 2:20-cv-02192-GMN-EJY, 2021 WL 7543595, at 6 (D. Nev. Oct. 1, 2021) (refusing treatment to prisoner with active bleeding and pain sufficient to state colorable claim of deliberate indifference to serious medical need).

I will therefore grant leave for Moon to amend his complaint to permit him to pursue his claim that Dr. Pewitt and Nurse Grisham were deliberately indifferent to his serious medical needs.  I will deny Moon's motion to the extent he seeks to name additional defendants to the claim.

State-Law Claims

For the reasons set out in the March 28 Memorandum and Order, I continue to decline to exercise supplemental jurisdiction over the state-law claims raised in Moon's proposed TAC.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Darnell Wesly Moon is **GRANTED** leave to file his Memorandum in Support of his Motion for Leave to File Third Amended Complaint [57] out of time.  I consider this document only as a *memorandum* in support of his initial motion for leave to amend, not as an amended *motion* for leave to amend.

**IT IS FURTHER ORDERED** that plaintiff Moon's Motion for Leave to

File a Third Amended Complaint [47] is **GRANTED** <u>only as to the following counts and defendants</u>:

- <u>Count 9 – First Amendment Free Exercise of Religion</u> – against defendant Nicole Green for her alleged deprivation of a Holy Quran and a fasting meal schedule during the month of Ramadan in May and June 2018.

- <u>Count 11 – Substantive Due Process</u> – against defendant Nicole Green for her alleged deprivation of adequate hygiene items during Moon's detention as a pretrial detainee in May, June, and July 2018.

- <u>Count 15 – Deliberate Indifference to Serious Medical Needs</u> – against defendants Dr. Pewitt and Nurse Grisham for their alleged failure to provide any medical care to Moon despite their personal and direct knowledge of Moon's bleeding and pain with urination, including observing blood on the floor of Moon's cell.

In all other respects, Moon's Motion for Leave to File a Third Amended Complaint is **DENIED**.  Moon's motion to be provided the full names of other Dunklin County Jail employees [48] is **DENIED as moot.**

   **IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Third Amended Complaint as to defendants Dr. Charles Pewitt and Nurse Ashley Grisham.  Defendants Pewitt and Grisham shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Dunklin County Sheriff's Office, 1175 Floyd Street, Kennett, MO 63857.  Service of process shall be effected upon defendants Pewitt and Grisham within ninety (90) days of the date of this Memorandum and Order.  Fed. R. Civ. P. 4(m).  **The Clerk of Court shall provide, and the U.S. Marshals Service shall**

**serve, a copy of this Memorandum and Order along with the Third Amended Complaint.**

**IT IS FURTHER ORDERED** that defendant Nicole Green shall answer or otherwise respond to the claims raised Counts 9 and 11 of the Third Amended Complaint as set out above within the time provided by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the remaining deadlines set out in the Case Management Order filed August 21, 2024 (ECF 46), and specifically those governing discovery and the filing of dispositive motions, are **HELD IN ABEYANCE** pending service of process on defendants Pewitt and Grisham and their entry of appearance in this action.  To the extent plaintiff Moon seeks to extend those deadlines, his Motion to Amend Case Management Order [56] is **DENIED as moot.**  To the extent Moon seeks to extend the deadline to file motions to amend pleadings or join parties, the motion [56] is **DENIED**.  To the extend Moon seeks to extend the deadline for initial disclosures, the motion [56] is **DENIED without prejudice.**  An Amended Case Management Order will be entered once the status of defendants Pewitt and Grisham becomes known.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2024.