UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 1:23 CV 71 CDP |
| NICOLE GREEN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Self-represented plaintiff Darnell Wesly Moon brings this action under 42 U.S.C. § 1983 challenging the conditions of his confinement at the Dunklin County Jail from May through July 2018.  On November 1, 2024, I granted Moon leave to file a third amended complaint but only as to three claims against three defendants. I denied leave to the extent the third amended complaint asserted 26 other claims as well as claims against 34 other defendants.  (*See* ECF 61, Memo. & Ord.) Under Federal Rule of Civil Procedure 54(b), Moon now moves for entry of final judgment on those "dismissed" claims and defendants so that he can bring an immediate interlocutory appeal challenging those dismissals.  I will deny the motion.

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not

end the action as to any of the claims or parties[.]" Fed. R. Civ. P. 54(b).  The court may direct entry of a final judgment as to fewer than all claims or parties, however, but only if it expressly determines that there is no just reason for delay in entering such judgment.  *Id.*  A determination to enter partial judgment under Rule 54(b) "should not be made routinely; it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Outdoor Cent. Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1119 (8th Cir. 2011).

When determining whether to enter a partial judgment, "the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Williams v. County of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012).  "It is a long-standing rule of the Eighth Circuit that 'certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016) (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam)).  There is no such danger here.

Some of the relevant factors that I should consider in determining whether a danger of hardship through delay exists in the case include:  (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (3)

miscellaneous factors such as delay, shortening the time of trial, frivolity of competing claims, expense, and the like.  *Hayden*, 719 F.2d at 269, *quoted in Ackerman v. Howmedica Osteonics Corps.*, No. 6:20-CV-03061-MDH, 2021 WL 816943, at *2 (W.D. Mo. Mar. 3, 2021).[1]  Significantly, the Eighth Circuit "disfavors Rule 54(b) appeals where [ ] the adjudicated and pending claims are closely related and stem from essentially the same factual allegations."  *Outdoor Cent. Inc.*, 643 F.3d at 1119.  "Where each claim 'requires familiarity with the same nucleus of facts and involves analysis of similar legal issues,' the claims 'should be resolved in a single appeal.'"  *Id.*  (quoting *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993)).

Here, the dismissed and pending claims are closely related and arise from essentially the same set of operative facts.  Moon asserts that all defendants were part and parcel of a plan to deprive him of various of his constitutional rights during a three-month period because of his filing lawsuits on behalf of prisoners, including himself.  The pending claims allege deliberate indifference to serious medical needs and deprivation of First Amendment and due process rights, all arising from those operative facts.  Entering final judgment on the dismissed claims and defendants at this stage to permit Moon to appeal would promote piecemeal litigation; create the possibility that the same issues may be the subject

---

[1] Other factors listed in *Hayden* are not relevant to this case.

of a second appeal upon disposition of the remaining claims; cause undue delay; and burden the court of appeals with a frivolous appeal, given that I have already determined that appeal of the same claims would not be taken in good faith (*see* ECF 23, Memo. & Ord.; ECF 24, Ord. of Dism.).

No special circumstances exist in this case to warrant an immediate appeal on the dismissed claims and defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Darnell Wesly Moon's Motion for Permission to File Interlocutory Appeal Pursuant to Federal Rule of Civil Procedure 54(b) [74] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Stay Case Pending Ruling on Rule 54(b) Request for Interlocutory Appeal [73] is **DENIED as moot.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2024.